UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN MARTINEZ,

          Plaintiff,

-vs-                                                  Case No. 6:05-cv-1644-Orl-19JGG

CITY OF MELBOURNE AND JOHNS
EASTERN CO., INC.,

          Defendants.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| MOTION: | MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2) |
|---|---|
| FILED: | November 3, 2005 |
| THEREON it is **RECOMMENDED** that the motion be **DENIED**. It is further **RECOMMENDED** that the complaint be dismissed without prejudice as frivolous. ||

Currently pending before the Court is Plaintiff Evelyn Martinez' motion to proceed *in forma pauperis*. Martinez is proceeding *pro se* and is suing the City of Melbourne for violation of her civil rights under the Eighth and Fourteenth Amendments of the United States Constitution, and for personal injury under Florida state law. Martinez bases her claim on the City's alleged mishandling of her complaint that she was accosted by persons in a public park and that City police issued Martinez a trespass complaint to not return to the park for two years.

The events described in the complaint at hand form the basis for law suits in two related cases. *Evelyn Martinez v. City of Melbourne*, Case 6:04-cv-1146-JA-KRS, and *Evelyn Martinez v. Fla. Ass'n of Counties Trust Risk Serv. Corp.*, Case 6:05-cv-1165-18-DAB. Martinez sought to proceed *in forma pauperis* in both cases and her requests were denied. Both cases were dismissed when Martinez failed to pay the filing fee after her motions to proceed *in forma pauperis* were denied. Further, in Martinez' second law suit against Florida Association of Counties Trust Risk Services Corporation, the Court determined that the complaint failed to state a federal claim. Case 6:05-cv-1165-18-DAB, Docket 19.

The only new factual allegations in this complaint relate to the addition of Johns Eastern Company, Inc. as a defendant. Johns Eastern Company allegedly was the insurance adjuster for the City of Melbourne and denied Martinez' claims against the City. Complaint at 3. Martinez alleges Johns Eastern Company was negligent in denying her claim and had conspired with the City. Complaint at 10-11. The Court concludes that Martinez is gainfully employed and has sufficient assets to pay filing and service fees. For the reasons set forth below, the Court concludes that the complaint fails to state a federal claim. The Court, therefore, recommends denial of the motion and dismissal of the law suit.

I.  **THE LAW**

   A.  **The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

*See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[2] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

B.   **Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

C.   **Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639 (11th Cir. 1990). A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise — *i.e.*, to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion,

---

[4]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Public Service Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

however, to conclude that an *in forma pauperis* case is frivolous — realistically has no better than a slight chance of success — because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) — that is, one clearly having a basis in law — may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied*, 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense

is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

## II. APPLICATION

### A. The Complaint Fails to State a Federal Claim

Martinez alleges that on May 16, 2004, she was enjoying a day at Wickham Park with her two dogs. Complaint at 4-5. Martinez called 911 twice because a group of people became aggressive towards her. Id. Martinez alleges that the police officers who responded to the calls treated her with contempt and undue hostility and did not take her complaint seriously. Id. Martinez was then issued a trespass complaint. Complaint at 7.

Martinez alleges these acts violate her rights under the Eighth Amendment for cruel and unusual punishment, and the Fourteenth Amendment's equal protection clause. Complaint at 4-5. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Martinez' complaint that the City's police officers issued her a trespass complaint does not state a claim under the Eighth Amendment.

Nor does the complaint alleges a violation of Martinez' equal protection rights. The Equal Protection Clause of the Fourteenth Amendment proclaims that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1. The central mandate of the equal protection guarantee is that the state may not treat classes of persons differently absent a legitimate governmental objective. *See Lofton v. Sec'y of Dep't of Children and Family Services*,

377 F.3d 1275, 1277 (11th Cir. 2004). The purpose of the equal protection clause is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (citations omitted).

Martinez does not allege that she was treated differently because of her membership in a particular class and, thus, does not state an equal protection claim. Further, leave to amend would be inappropriate because Martinez' chances of success are slight. As described in the complaint, the police were confronted with differing versions of events. The police chose to believe the other party and issued a trespass complaint to Martinez. These actions simply do not form the basis of a federal claim.

### B.  The Court Declines to Exercise Jurisdiction Over the Pendent State Claims

In addition to the federal claims, Martinez' complaint alleges tort theories under Florida law. The district court has discretion to exercise supplemental jurisdiction and adjudicate state law claims that are transactionally related to a federal claim. 28 U.S.C. § 1367(a). The dismissal of Martinez' federal claims does not deprive the Court of supplemental jurisdiction over the remaining state law claims. *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1352. The district court, however, has discretion to decline to exercise supplemental jurisdiction. *Id.;* 28 U.S.C. §167(c).

The Court should decline to exercise supplemental jurisdiction over Martinez' state law claims. The litigation is in its early stages and there is no showing that defendants have even been served with the complaint. When federal law claims are dismissed in the early stages of the law suit and only state law claims remain, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7

(1988). *See also, United Mine Workers v. Gibbs*, 383 U.S. 715. 726 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial); *Baggett,* 117 F.3d at 1353 (judicial economy, convenience and comity dictate having the state law claims decided by state courts).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion to proceed *in forma pauperis* be denied;

2. The Court find that Plaintiff's federal law claims are frivolous and fail to state a claim;

3. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them without prejudice; and

4. The Court close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November ___, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party
Courtroom Deputy