UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EVELYN MARTINEZ,**
      **Plaintiff,**

-vs-                 Case No. 6:05-cv-1644-Orl-19JGG

**CITY OF MELBOURNE and JOHNS
EASTERN COMPANY, INC.,**
      **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Report and Recommendation of the United States Magistrate Judge on Plaintiff Evelyn Martinez's Motion for Leave to Proceed in Forma Pauperis. (Doc. No. 3, filed on November 8, 2005).

2. Objection to the Report and Recommendation of the United States Magistrate Judge. (Doc. No. 8, filed on November 22, 2005).

### Background

On November 3, 2005, Plaintiff Evelyn Martinez ("Martinez") filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2). Martinez stipulated that she was unable to pay the costs of the proceeding and was entitled to the relief sought in her complaint. (*Id.*) Martinez averred that she was currently employed at Domino's Pizza and received a salary of $400 gross every two weeks. (*Id.*) Martinez also received $3,500 from a legal settlement in February or March of 2005. (*Id.*)

Martinez' law suit against the City of Melbourne was brought pursuant to the Eighth and Fourteenth Amendments to the Constitution. (Doc. No. 1). Martinez alleges that the City of

Melbourne disregarded two emergency calls for assistance at Wickham Park when she was accosted by a group of people. (*Id.* at Count I, ¶¶ 2, 6). Martinez further avers that the City of Melbourne had no intention of taking her complaint seriously and demonstrated its intention by refusing to fully investigate her complaint. (*Id.* at ¶ 3). In Count I, Martinez claims that the City of Melbourne violated her right to equal protection, her right not to be deprived of life, liberty, or property, and her right to be free from any law which abridges the privileges and immunities of a citizen of the United States. (*Id.* at ¶ 4).

In Count II, Martinez alleges conspiracy and negligence against the City of Melbourne. Martinez claims that the City of Melbourne conspired with a park ranger in Wickham Park to falsely and maliciously harm Martinez' reputation by stating on an official document that she "had been trespassed out of Wickham Park" for causing a disturbance and cursing at children, an officer, and a park ranger. (*Id.* at Count II, ¶ 1).

Count III is a personal injury claim against the City of Melbourne for failing to admit wrongdoing in violating Martinez' rights and denying Martinez the enjoyment of Wickham Park. (*Id.* at Count III, ¶ 4). Count IV is a negligence claim against Johns Eastern Company, Inc. for denying her any compensation for damages allegedly incurred due to the City of Melbourne's actions. (*Id.* at Count IV, ¶ 1).

On November 9, 2005, the Magistrate Judge issued a Report and Recommendation on Martinez' Motion to Proceed *In Forma Pauperis*. (Doc. No. 3). The Magistrate Judge found that Martinez' Eight Amendment claim for cruel and unusual punishment did not apply because that amendment is applicable only following a determination of guilt after a trial or plea. (*Id.* at 7). The Magistrate Judge further reasoned that Martinez failed to state an equal protection claim because she

did not allege that she was treated differently because of her membership in a particular class. (*Id.* at 8). Finally, the Magistrate Judge recommended declining to exercise supplemental jurisdiction over Martinez' state law claims. (*Id.*)

On November 22, 2005, Martinez filed an Objection to the Report and Recommendation of the Magistrate Judge. (Doc. No. 8). Martinez claims that she is indigent and cannot afford the court filing fees.

## Standard of Review

Whenever a party files a timely and specific objection to a finding of fact by a Magistrate Judge, the District Court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. *Loconte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988); *see also* 28 U.S.C. § 636. As the use of the term *de novo* implies, the District Court's consideration of the factual issue must be independent and based on the record before the Court. *LoConte*, 847 F.2d at 750. The conclusions of law of a Magistrate Judge are also reviewed *de novo*. *See Cumbie v. Singletary*, 991 F.2d 715, 719 (11th Cir. 1993) (internal citations omitted).

## Analysis

Martinez has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. section 1915 which enables her to pursue this action without prepayment of fees or costs. Section 1915 is a "broad grant of discretion" to district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The pauper's affidavit should not be a "broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citation omitted). Indigence does not create a constitutional right to expend public funds and the valuable time of the courts in order to prosecute an unmeritorious action. *Id.* (internal citation

omitted).

Section 1915(e)(2) allows the Court to dismiss *in forma pauperis* cases at any time if the Court determines that the allegation of poverty is untrue or if the Court discerns that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639 (internal citation and quotations omitted). Legal theories are frivolous when they are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 permits the Court to dismiss claims of infringement of legal interests which do no exist. *See Neitzke*, 490 U.S. at 327.

Martinez alleges that she was enjoying a day at Wickham Park when she was accosted by a group of people. After making two emergency calls, Martinez claims that the police officers treated her with contempt and hostility. The officers then issued to her a trespass complaint.

The Court finds that the Magistrate Judge's recommendation that the complaint fails to state a federal claim is well founded. Because the Eighth Amendment is inapplicable to the allegations of the instant case on the grounds that this amendment applies only after a determination of guilt after a trial or plea, the Court finds that Martinez' allegation that the City's police officers issued her a trespass citation does not state a claim for relief under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Lancaster V. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

Furthermore, Martinez' complaint does not state a claim for relief for a violation of the Equal Protection Clause of the Fourteenth Amendment. The central purpose of the Equal Protection Clause is to ensure that the state does not treat classes of persons dissimilarly absent a legitimate

governmental objective. *See Lofton v. Sec'y of Dep't of Children and Family Services,*, 377 F.3d 1275, 1277 (11th Cir. 2004). Because Martinez does not allege that she was treated differently based on her membership in a particular class, the Court finds that she has failed to state an equal protection claim.

In Count I, Martinez also claims that the City of Melbourne violated her right to be free from deprivations of life, liberty, and property and her right to be free from any law which abridges the privileges and immunities of a citizen of the United States.

Martinez' allegation that the City of Melbourne violated her right to be free from deprivations of life, liberty, or property is a reference to the Due Process Clause of the Fourteenth Amendment. The Due Process Clause contains both a substantive and procedural component. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002). Substantive due process protects rights that are fundamental and implicit in the concept of ordered liberty. *Id.* Substantive due process rights are created by the Constitution, and no amount of process justifies their infringement. *Id.* On the other hand, procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a constitutionally protected interest in life, liberty, or property. *Id.*

Martinez' allegation that the police officers failed to investigate her complaint is insufficient to state a claim for relief for either substantive or procedural due process. *See id.* (explaining that the plaintiff had no substantive right of any kind to an investigation of her excessive force complaint by the sheriff's office and that there was no constitutionally protected liberty or property interest at stake that would entitle the plaintiff to an investigation). In other words, if Martinez was attempting to allege a substantive due process claim, she fails to allege the substantive right upon which the City of Melbourne infringed. *See, e.g., McKinney v. Pate*, 20 F.3d 1550, 155-57 (11th Cir. 1994) ("A

violation of a substantive due process right, for instance, is complete when it occurs."). If Martinez was attempting to allege a procedural due process claim, she fails to allege what procedures were not followed and the interest in life, liberty, or property upon which the City infringed. *See id.* at 1557. Absent such allegations, the Court finds that Martinez' complaint fails to state a claim for relief for violations of substantive or procedural due process.

Finally, Martinez has failed to state a claim for relief regarding her allegation that the City of Melbourne infringed on her right to be free from any law which abridges the privileges and immunities of a United States citizen. The Fourteenth Amendment Privileges and Immunities Clause only protects the individual from state interference with the rights that are unique to being a citizen of the United States.[1] *See, e.g., In re Storer*, 58 F.3d 1125, 1128 (6th Cir. 1995). Because Martinez has not alleged how the City of Melbourne abridged her rights of national citizenship, the Privileges and Immunities Clause of the Fourteenth Amendment is inapplicable.

Martinez argues that her Motion to Proceed *In Forma Pauperis* should be permitted because she is indigent. Section 1915(e)(2) allows the Court to dismiss an *in forma pauperis* case if the allegation of poverty is untrue or if the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While the Magistrate Judge did not make a specific finding regarding Martinez' indigent status or lack thereof, the Court may dismiss the complaint on any of the other grounds enumerated in section 1915. Therefore, Martinez' averment that she is indigent is insufficient to preclude the dismissal of the complaint.

---

[1] For example, the Privileges and Immunities Clause of the Fourteenth Amendment protects the right to travel from state to state. *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002) (citing *Saenz v. Roe*, 526 U.S. 489, 506-07 (1999)).

While the dismissal of Martinez' federal claims does not deprive the Court of supplemental jurisdiction over the state law claims, the Court has the discretion to decline to exercise supplemental jurisdiction.  *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).  Because this litigation is in the early stages and there is no showing that Defendants have been served with the complaint, the Court dismisses the state law claims in the interest of judicial economy, convenience, fairness, and comity.  *Id.* at 1353.

### Conclusion

Based on the foregoing, the Court **AFFIRMS** and **ADOPTS** the Report and Recommendationof the United States Magistrate Judge on Plaintiff Evelyn Martinez' Motion to Proceed *In Forma Pauperis*.  (Doc. No. 3).  Plaintiff's complaint (Doc. No. 1) is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December __7__, 2005.

_[signature]_
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party
Counsel of Record